# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**STARBUZZ TOBACCO, INC.,**

      **Plaintiff,**            **CIVIL ACTION NO. 10-CV-11171**

  vs.

                              **DISTRICT JUDGE JOHN FEIKENS**

**AL-AMIR, INC., and ALI**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HAMMOUD,**

      **Defendants.**
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL RESPONSES (DOCKET NO. 27)

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents and Supplemental Responses, filed on September 11, 2010. (Docket no. 27). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiff filed this action on March 23, 2010, alleging trademark infringement, breach of settlement agreement, false designation of origin, and unfair competition under the Lanham Act and state law. (Docket no. 1). Plaintiff served its Requests for Production of Documents and Things to Defendants on May 20, 2010. (Docket no. 27, Ex. A). Defendants responded to the requests on July 9, 2010, and contend that the delay in their responses was caused by the fact that Plaintiff served its requests on Defendants' former attorney. (Docket no. 35 at 2). Correspondence between the parties ensued, and on August 31, 2010 the Court entered a stipulated protective order which, according to

1

Defendants, protects the confidential nature of documents produced during discovery. (Docket no. 35 at 4-5). On August 30, 2009, after learning that Plaintiff had signed the stipulated order, Defendants served supplemental answers to the sixty-two Requests for Production. (Docket no. 28). Plaintiff alleges that the Defendants' answers and responses remain deficient and asks the Court to compel answers and responses from Defendants and order costs. According to the parties' Joint Statement, they have narrowed the areas of disagreement regarding Plaintiff's Requests for Production, and state that the remaining unresolved issues involve Requests for Production nos. 37, 38, 42, 54, and 56. (Docket no. 39).

Request for Production no. 37 asks Defendants to produce all documents relating to the sale of accused products within the United States during the relevant period, including all purchase orders, wire transfers, invoices, receipts, contracts, agreements, and/or sales summaries. (Docket no. 28). Plaintiff states that the "relevant period" is from March 2009 to present and that documents dated during this period are vital to show among other things how much of Defendant Al-Amir's sales relate to infringing products, that Defendant Al-Amir continues to use infringing trademarks, and to establish the timing of the sales, which in turn establishes that Plaintiff's trademark rights have priority over Defendant Al-Amir's rights. (Docket no. 27 at 6-7). Defendants object to the request on the grounds that it is unduly burdensome, arguing that they do not separately account for sales relating to the accused marks as opposed to other sales, and that an order compelling them to produce such documents would require their small, family operated business to catalog hundreds if not thousands of documents. (Docket no. 35 at 6-9). The Court finds that the likely relevance of the documents outweighs the burden imposed on Defendants in producing them. The Court will order the Defendants to produce the requested documents for the dates March 2009 to present.

Request for Production no. 38 asks Defendants to produce all documents regarding Defendants' vendors' use of the accused marks. Plaintiff argues that Defendants have produced an unsigned letter from one of Defendant Al-Amir's vendors indicating ongoing business dealings with Defendant Al-Amir since 2008, and that it is therefore logical to assume that such business dealings involve basic business records such as invoices, purchase orders, payments, emails, correspondence, etc. (Docket no. 27 at 7-8). Defendants contend that the letter Plaintiff refers to is from a supplier, not a vendor, and that it has no knowledge of the way it's vendors sell the products they purchase from Defendant Al-Amir. Defendants further contend that they are not in possession of any documents responsive to this request which evidences its vendors' use of the accused marks. (Docket no. 35 at 9-10 and Ex. D). The Court finds that the Defendants' answer is sufficient.

Request for Production no. 42 asks Defendants to produce all documents reflecting Defendants' current unsold inventory of tobacco products bearing the accused marks. Defendants object to the request, stating that it does not keep such records and instead makes new orders on an as-needed basis. (Docket no. 28). Under Fed.R.Civ.P. 34 a request for production may only seek documents or tangible things which are in the possession, custody or control of the party upon whom the request is served. Defendants cannot be compelled to create a non-existent document in response to a request under Rule 34. The Court will deny Plaintiff's Motion to Compel as to Request for Production no. 42.

Requests for Production nos. 54 and 56 ask Defendants to produce their general ledger for the year ending 2009 and produce their cash disbursements journal as of December 31, 2009. Defendants responded to these requests by stating that they have been unable to locate any responsive documents despite diligent effort. Defendants also indicate that they have produced their

3

income statement for 2009 and all tax documents, which show changes in inventory, purchases, profits, supplies, etc. (Docket no. 35 at 10). Plaintiff counters by arguing that it is absurd to think that Defendants operate a business without basic accounting reports such as the general ledger and disbursements journal. (Docket no. 27 at 8). Plaintiff's belief that certain documents must in Defendants' possession is insufficient to warrant an order compelling production when Defendants state that they have made a diligent search and reasonable inquiry and have not located any responsive documents. The Court cannot compel the production of documents based solely on the opposing party's speculation and belief that responsive documents exist and that the producing party is withholding them. *Univ. of Kansas v. Sinks*, No. 06-2341, 2007 WL 869629, at *3 (D. Kan. Mar. 2, 2007). Based on Defendants' representations that they possess no documents responsive to Plaintiff's Requests for Production nos. 54 and 56, the Court will deny Plaintiff's Motion to Compel as to these requests.

The Court will deny Plaintiff's request for attorneys fees and costs, finding that the Defendants' responses and objections to the disputed Requests for Production were substantially justified and that an award of expenses would be unjust. Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Documents and Supplemental Responses (docket no. 27) is **GRANTED IN PART**. Defendants must produce documents responsive to Request for Production no. 37 for the dates March 2009 to the present on or before December 6, 2010. In all other respects the motion is denied.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: November 16, 2010             s/ Mona K. Majzoub
                                                       MONA K. MAJZOUB
                                                       UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: November 16, 2010             s/ Lisa C. Bartlett
                                                       Case Manager