# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**STARBUZZ TOBACCO, INC.,**

      **Plaintiff,**                  **CIVIL ACTION NO. 10-CV-11171**

vs.

                                           **DISTRICT JUDGE JOHN FEIKENS**

**AL-AMIR, INC. and ALI**             **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HAMMOUD,**

      **Defendants.**
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (DOCKET NO. 29)

This matter comes before the Court on Plaintiff's Motion to Compel Supplemental Responses to Plaintiff's Special Interrogatories, filed on September 11, 2010. (Docket no. 29). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiff filed this action on March 23, 2010, alleging trademark infringement, breach of settlement agreement, false designation of origin, and unfair competition under the Lanham Act and state law. (Docket no. 1). Plaintiff served its Special Interrogatories on Defendant Al-Amir on May 20, 2010. (Docket no. 29, Ex. A). Defendant Al-Amir responded to the requests on July 7, 2010, and contends that the delay in its responses was caused by the fact that Plaintiff served its requests on Defendants' former attorney. (Docket no. 29, Ex. C; Docket no. 34 at 2). On July 20, 2010 Plaintiff contacted Defendant Al-Amir and asked it to produce supplemental responses to Special

1

Interrogatories nos. 1-7. (Docket no. 29, Ex. D). Defendant Al-Amir provided supplemental responses to Plaintiff's document requests, but did not provide supplemental responses to the Plaintiff's Special Interrogatories. (Docket no. 28, Ex. I). Plaintiff now alleges that Defendant Al-Amir's responses to Plaintiff's Special Interrogatories are evasive and were made in bad faith, and asks the Court to compel supplemental responses to Plaintiff's Special Interrogatories nos. 1-7 and impose sanctions against Defendant Al-Amir.

Special Interrogatory no. 1 asks Defendant Al-Amir to identify all customers who purchased products bearing the Accused Marks from Defendant Al-Amir during the Relevant Period. (Docket no. 29, Ex. C). The "Relevant Period" is defined as March 12, 2009 to present. (Docket no. 29, Ex. A at 3). "Accused Marks" refers to Passion Kiss, Passion Beach, Wet Kisses, Blue Mist, Ocean Mist, Night Mist, Cool Blue, Holiday Mix, Sex on the Beach, Arabian Coffee, Citrus Mist, Pumpkin Pie, Guava, Sweet Melon, Wild Berry Mint, White Peach, and Wild Mint trademarks used on the packaging of Defendant Al-Amir's tobacco products. (Docket no. 29, Ex. A at 3-4). Defendant Al-Amir objects to the interrogatory on the grounds that it is over broad and unduly burdensome. (Docket no. 29, Ex. C at 2). Defendant claims that it does not separately account for sales of the Accused Marks from other sales, and thus would have to physically inspect each receipt to determine if it included a sale of an Accused Mark. According to Defendant Al-Amir this would require it to assign its one and only employee to sift through thousands of receipts for hours and hours on end in order to respond to the interrogatory.

Defendant Al-Amir has described itself as a small family operated business which manages its small inventory by eyeing the products on its shelves instead of by maintaining a detailed accounting of its inventory, and which earns less than $20,000 in annual profit. With this

2

description in mind it is difficult for Defendant Al-Amir to now claim that it would take hours upon hours for it to sift through thousands upon thousands of sales receipts in order to respond to the Plaintiff's request. On November 16, 2010 this Court ordered the Defendants to produce all documents relating to the sale of accused products within the United States during the relevant period. (Docket no. 42). It would not be unduly burdensome for Defendant Al-Amir to compile customer information at the same time. Accordingly, the Court will order Defendant Al-Amir to identify all customers who purchased products bearing the Accused Marks from Defendant during the Relevant Period in response to Special Interrogatory no. 1.

Special Interrogatory no. 2 asks Defendant Al-Amir to provide the annual gross and net profits it actually earned during the Relevant Period from the sale of all of Defendant Al-Amir's products bearing the Accused Marks. Defendant responded that it was in the process of securing the subject documents to provide an accurate accounting, and would promptly supplement its response within a reasonable period of time. (Docket no. 29, Ex. C). Defendant Al-Amir now claims that it has already produced invoices from the Supplier of the Accused Marks, which shows how much of the subject tobacco was purchased by weight. Defendant Al-Amir claims it has also supplied Plaintiff with information that shows the price at which the Defendant sells the tobacco. Therefore, it is Defendant Al-Amir's position that Plaintiff can easily calculate Defendant Al-Amir's net and gross profits from information that has been produced. The Court finds that Defendant Al-Amir's answer is not responsive to the Plaintiff's request, which specifically asks for the amount of net and gross profits earned from the sale of the Accused Marks. The Court will grant Plaintiff's Motion to Compel Supplemental Responses to Special Interrogatory no. 2.

Special Interrogatories nos. 3 and 4 ask Defendant Al-Amir to set forth with specificity facts

3

supporting its affirmative defenses nos. 3 and 5.  Defendant Al-Amir's affirmative defense no. 3 alleges that Plaintiff's claims are barred because the disputed trademarks belong to the supplier that provided the ingredients and/or components to the parties.  Defendant Al-Amir's affirmative defense no. 5 alleges that Plaintiff's claims are barred because Defendant Al-Amir has "an oral license from the supplier to use the descriptive terms in the sale of Defendant's products."  (Docket no. 16).

Defendant Al-Amir objects to Special Interrogatories nos. 3 and 4 on the basis that the requests are premature and must be developed through discovery.  Defendant Al-Amir also argues that affirmative defenses nos. 3 and 5 speak for themselves and require no further explanation.  According to the Defendant, its defense is simple: The claimed trademarks belong to Defendant Al-Amir's Jordanian supplier Moh'd & Zaki Sehwail Co.  Defendant Al-Amir claims to have an oral license from Moh'd & Zaki Sehwail to sell the Accused Marks.  The oral license is allegedly evidenced by a correspondence Defendant Al-Amir has already provided to Plaintiff.  The correspondence states that Moh'd & Zaki Sehwail Co. has created new tobacco flavors which it has distributed through Defendant Al-Amir since 2008.  The correspondence further states that Moh'd & Zaki Sehwail's customers cannot claim or register any of its flavors for their own benefit.  (Docket no. 28, Ex. I-1).  Defendant Al-Amir asserts that these are the only facts presently known by it in support of its affirmative defenses.  The Court finds that Defendant Al-Amir has appropriately responded to Special Interrogatories nos. 3 and 4.

Special Interrogatories nos. 5-7 ask Defendant Al-Amir to set forth with specificity facts supporting Defendant Al-Amir's affirmative defenses nos. 9, 12, and 14.  Defendant Al-Amir's affirmative defense no. 9 alleges that Plaintiff's claims are barred because its actions cannot be construed as a violation of the settlement agreement. Defendant Al-Amir's affirmative defenses nos.

4

12 and 14 allege that Plaintiff's claims are barred by waiver and release. (Docket no. 16). Defendant Al-Amir objects to Special Interrogatories nos. 5-7 on the grounds that affirmative defenses 9, 12, and 14 assert legal defenses that speak for themselves. Defendant Al-Amir also objects on the ground that Special Interrogatories nos. 5-7 are premature. Special Interrogatories nos. 5-7 seek to discover the facts behind Defendant Al-Amir's affirmative defenses. The Court will grant Plaintiff's Motion to Compel Supplemental Responses to Special Interrogatories nos. 5-7.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Supplemental Responses to Plaintiff's Special Interrogatories (docket no. 29) is **GRANTED IN PART**. Defendant Al-Amir must provide supplemental responses to Plaintiff's Special Interrogatories nos. 1, 2, 5, 6, and 7 in writing as provided in this Order on or before December 20, 2010. Plaintiff's request for supplemental responses to Special Interrogatories nos. 3 and 4, and its request for sanctions is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 24, 2010            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 24, 2010        s/ Lisa C. Bartlett
                                Case Manager